UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHERYL HARDISON, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| | § | CIVIL ACTION NO. 1:13-cv-01078 |
| Plaintiff, | § § | |
| V. | § § | JURY TRIAL DEMANDED |
| PULTEGROUP, INC. and PGP TITLE, INC., | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT-COLLECTIVE ACTION

### I. SUMMARY

Congress designed the Fair Labor Standard Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. § § 206(a) and 207(a). The FLSA enforcement mechanisms prevent employers from pilfering away the salary rightfully earned by their employees.

1. Plaintiff Cheryl Hardison, ("Plaintiff") and the employees she seeks to represent ("Class Members") are current and former non-exempt escrow officer employees of PulteGroup, Inc., and PGP Title Inc., ("Defendants").

2. Plaintiff worked more than forty (40) hours in a workweek as an escrow officer for PulteGroup, Inc. and PGP Title, Inc. (hereinafter referred to as "Defendants"). Defendants improperly classified Plaintiff as an exempt employee from the Fair Labor Standards Act ("FLSA") overtime compensation provision. Furthermore, Defendants did not pay Plaintiff

overtime pay for hours worked over forty (40) in a workweek as required under the FLSA.

3. Defendants' failure to compensate Plaintiff as a non-exempt employee for all hours in excess of forty (40) in a workweek at one and one-half times her regular rate violates the FLSA. *See* 29 U.S.C. § 207(a).

4. Plaintiff seeks to recover on behalf of herself and the Class Members all unpaid wages and other damages owed to them under the FLSA as a 29 U.S.C. § 216(b) collective action in order to remedy the extensive and sweeping violations of the wage and hour provisions which the Defendants have integrated as their standard payment policies, violations which have deprived Plaintiff and the Class Members of their lawfully earned wages.

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in the Western District of Texas, because a substantial portion of the events forming the basis of this suit occurred in the Western District of Texas.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Cheryl Hardison is an individual residing in Round Rock, Travis County Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

8. Defendant PulteGroup, Inc. is a domestic profit corporation incorporated in the state of Michigan. PGP Title, Inc. conducts business in the state of Texas. Said Defendant can be served with process by serving its registered agent as follows: CSC-Lawyers Incorporating Service (Company) 601 Abbot Road, East Lansing, MI 48823.

9. Defendant PGP Title, Inc. is a domestic for-profit corporation incorporated in the state of Nevada. PGP Title, Inc. conducts business in the state of Texas. Said Defendant can be

2

served with process by serving its registered agent as follows: Corporation Service CO d/b/a CSC-L+, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

10. This Court has personal jurisdiction over Defendants because they purposefully availed themselves of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11. Defendants have and continue to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over Defendants. Specifically, Defendants conduct business in the Texas market.

12. Defendant PGP Title, Inc., has physical locations in Texas. *See* attached Exhibit "B" (a true and correct copy of Defendant's website listing its locations).

13. Defendant PulteGroup, Inc., has a contact person for public relations in Texas. See attached Exhibit "B."

14. Defendants advertise, employ workers, own property, and contract with residents and businesses in Texas.

15. Additionally, this action relates to Defendants' failure to properly compensate its employees some of which are Texas residents; therefore, specific jurisdiction over Defendants is likewise proper.

## IV. FLSA COVERAGE

16. In an FLSA case, the following elements must be met. (1) the existence of an employment relationship; (2) that she/he was engaged in commerce or employed by an enterprise engaged in commerce; (3) that [D]efendants failed to pay her/him overtime/minimum wage; and

(4) that she/he is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C.,* Civil Action No. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) (maximum hours) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

**EMPLOYMENT RELATIONSHIP**

17. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d). *See* Exhibit "C" (earnings statement for Plaintiff).

18. Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.,* 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.,* 23 F.3d 110, 113 (5th Cir. 1994).

19. PGP Title, Inc. is a subsidiary of PulteGroup, Inc. *See* Exhibit "D" (Defendants' annual report). PulteGroup owns a "family of homebuilding companies (Pulte, Del Webb, DiVosta, Centex)" for which PGP Title, Inc. provides consumer, lender, and relator services. See Exhibit "E" (PGP Title, Inc.'s website Company Overview). Defendant PGP Title, Inc. operates out of four Texas locations and Arizona, Colorado, Florida, Illinois, Indiana, Maryland, Michigan, Minnesota, Missouri, Nevada, New Jersey, New Mexico, Pennsylvania, and Virginia. *See* Exhibit "B" (Defendants' locations). PGP Title, Inc. describes itself as one company with multiple locations. Indeed, they advertise themselves as such.[1] The fact that Defendants run each PGP Title, Inc. location identically and their customers can expect the same kind of service quality regardless of the location is Defendants' main advertising selling point.

---

[1] Exhibit B (Defendant's locations).

20. Defendant PGP Title, Inc. represents themselves to the general public as one company— PGP Title, Inc.—operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. These different locations advertise together on the same website, provide the same array of services to its customers, and use the same business model. The "PGP Title, Inc." family of companies exists under the control and direction of Defendants. This family of PGP Title, Inc. companies provides the same service product to its customers by using a set formula when conducting its extermination business. Part of that set formula is the wage violations alleged in this complaint. These facts represent a classic example of "corporate fragmentation."

**ENGAGED IN COMMERCE**

21. Additionally, at all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.*, 2012 WL 4103876 *2 (W.D. Tex., 2012), (*citing Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*citing Marshall v. Victoria Trans. Co., Inc.*, 603 F.2d 1122, 1124 (5th Cir.1979)).

23. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D.Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir.1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

24. Both the individual and enterprise coverage are applicable in this case.

25. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.*, 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id.* (*citing Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir.1979)); (*See also, Sobrinio*, 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id.* (citing *Marshall*, 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id.* (*citing,* 29 C.F.R. 776.10(b)).

26. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

27. Here, Defendants employed Plaintiff as pest escrow officers. Plaintiff's regular job duties consisted of handling documents which have passed through interstate commerce.

28. Second, with regards to enterprise coverage, the FLSA states it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

29. Here, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000. Defendants have enough business to generate an annual gross business volume in excess of the statutory standard.

30. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are escrow officer engaged in interstate commerce. Further, Defendants themselves are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with companies based in other states, processes customers' credit cards with banks in other states, and are members of national associations.

**VIOLATION OF FLSA**

31. Plaintiff is a nonexempt employee under the FLSA.

32. Defendants did not pay Plaintiff time-and-a-half for hours worked over forty. Instead, Defendants paid Plaintiff and Class Members a salary without regard to the number of hours worked. *See* attached Exhibit "C" (earning statement of Plaintiff).

33. Consequently, Defendants are in violation of the FLSA.

## V. FACTS

34. Defendants PulteGroup, Inc. and PGP Title, Inc. are companies operating in the homebuilding market that provide consumer, lender, title insurance, and realtor services to the community.

35. Defendant PulteGroup, Inc. operates numerous subsidiary entities, including Defendant PGP Title, Inc., and furthermore, acts as the "parent" company to said entities.

36. Defendant PGP Title, Inc. acts as the subsidiary to Defendant PulteGroup, Inc. by facilitating the closing process in regards to Defendants' customer loan transactions. In other words, Pulte Group sells the homes and PGP Title, Inc. issues title insurance and closes the home purchase transaction.

37. Defendants employ escrow officers throughout the United States to assist potential customers with said transactions. For example, Defendants' escrow officers follow regulations and guidelines to insure that all documents are properly prepared, examine the closing file to insure that the lending agent's requirements have been satisfied, order the loan check, order payoffs if there is one, upon closure of the file, disburse all funds to seller, lender, realtor, and other appropriate parties, and check on home association dues.

38. Defendants employ escrow officers in over twenty (20) different states throughout the United States and furthermore, maintain physical locations in multiple states.

39. Defendants operate in at least sixty (60) different markets throughout the country.

40. Plaintiff was employed for the Defendants from September 09, 2005 to around June 2013.

41. From the beginning of Plaintiff's employment with Defendants to approximately January 2010, Plaintiff's job title was "Escrow Officer." Plaintiff was compensated on an hourly

basis and received overtime wages for any hours worked in excess of forty (40) for any given workweek.

42. On or around January 2010, Defendants changed the operational structure of their business entities and furthermore, merged with the company Centex/Commerce Title. At this time, Plaintiff's job title changed and Defendants ceased paying her overtime pay when she worked more than 40 hours per week, though her job responsibilities remained the same.

43. It was at this time that Defendants changed Plaintiff's compensation method to salary, and furthermore denied her overtime wages for hours worked in excess of forty (40).

44. Plaintiff worked as an escrow officer from around January 2010 until she left employment with the Defendants in June 2013.

45. She was deprived her federally mandated overtime wages for all hours worked in excess of forty (40) for the two time periods she worked for Defendants as an escrow officer.[2]

46. The salary Defendants paid Plaintiffs was intended to compensate her for 40 hours, as stated on the attached earning report as Exhibit C.

47. While working under both titles, Plaintiff was required follow guidelines and regulations to answer customer questions, prepare buyer and seller's closing statements, insure that all documents were properly prepared, examine the closing file to insure that the lending agent's requirements have been satisfied, order the loan check, receive and disburse the loan funds from the lending agent, and maintain the file for release of liens

48. As a part of Plaintiff's duties, Plaintiff was required to follow guidelines set by the Defendants.

---

[2] *See* attached paystubs for the entire 2013 year Plaintiff worked for Defendants – showing that she was never compensated for any hours in excess of forty (40) for any given pay period, though she customarily worked overtime.

49. Plaintiff was not allowed to hire and/or fire other individuals employed by the Defendants as an escrow officer.

50. Additionally, although Plaintiff was required to work more than forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

51. No FLSA exemption applies to escrow officers with duties not directly relating to management policies, general business operations of Defendants' business or Defendants' customers, such as Plaintiff.

52. Plaintiff is a non-exempt employee for all purposes of the FLSA.

53. Furthermore, Plaintiff does not fall within the FLSA's administrative overtime exemption because Plaintiff's duties for Defendants did not involve the exercise of discretion and independent judgment.

54. Defendants' method of paying Plaintiff in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

### VI. PLAINTIFF'S OVERTIME WAGE CLAIM

55. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

56. Defendants' practice of failing to pay Plaintiff for all hours in excess of forty (40) hours per workweek violates the FLSA. *See* 29 U.S.C. § 207.

57. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate are applicable to the Defendants or to the Plaintiff.

58. Defendants failed to pay Plaintiff the legally mandated overtime rate of time and one-half for the hours worked over forty (40) in a workweek.

59. Defendants' compensation policy violates the FLSA.

60. Defendants have not made a good faith effort to comply with the FLSA.

61. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

62. If Defendants had made a reasonable ever to determine compliance with the FLSA, they would have realized their standard pay policy of paying Plaintiff and Class Members a salary without regard to number of hours worked and overtime violates the law. Further, Defendants would have also realized that the FLSA requires employers to track the number of hours their employees work. Consequently, the violations committed by the Defendants were a reckless disregard of the law.

## VII COLLECTIVE ACTION ALLEGATIONS

63. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b).

64. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other employees of Defendants who were paid salaries but were denied overtime premiums when they worked more than 40 hours per week.

65. Other employees similarly situated to Plaintiff work or have worked for Defendants, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

66. Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

67. The Class Members perform or have performed the same or similar work as the Plaintiff.

68. Class Members regularly worked in excess of forty hours during the standard workweek.

69. Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

70. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

71. Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

72. The experiences of the Plaintiff, with respect to their pay, are typical of the experiences of the Class Members.

73. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

74. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

75. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all

Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

76. As such, the class of similarly situated Plaintiff is properly defined as follows:

**The Class Members are all of Defendants' current and former escrow officers who were employed at any time during the three-year period before the filing of this Complaint up to the present throughout the United States.**

## VIII. COUNT ONE: VIOLATION OF 29 U.S.C. § 207

77. Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

78. Defendants' practice of failing to pay Plaintiff and Class Members the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

79. Plaintiff and Class Members were paid a salary without regard for hours worked over forty. That is, the Defendants did not compensate the Plaintiff and Class Members for overtime worked.

80. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff and Class Members.

## IX. DAMAGES SOUGHT

81. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

82. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

83. Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 USC § 216(b).

## X. JURY DEMAND

84. Plaintiff and Class Members hereby demand trial by jury on all issues.

## XI. PRAYER

85. For these reasons, Plaintiff and Class Members respectfully requests that judgment be entered in their favor awarding the following:

a. Overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

b. An equal amount as liquidated damages as allowed under the FLSA;

c. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

d. An order requiring Defendants to correct its pay practices going forward; and

e. Such other relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/Galvin B. Kennedy
Galvin B. Kennedy
State Bar No. 00796870
Federal Bar No. 20791
gkennedy@kennedyhodges.com
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**ATTORNEY IN CHARGE FOR PLAINTIFF
& CLASS MEMBERS**

OF COUNSEL:
Beatriz Sosa-Morris
State Bar No. 24076154
Federal Bar No. 1552137
Bsosamorris@kennedyhodges.com
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116